IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RESEARCHGATE GMBH, <br><br> Defendant. | Case No. 8:18-cv-03019-GJH |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of Plaintiffs American Chemical Society, Elsevier Inc., Elsevier Ltd., and Elsevier B.V. (collectively, "Plaintiffs"), and Defendant ResearchGate GmbH ("Defendant"), by and through their respective undersigned counsel, good cause having been shown, it is hereby ORDERED as follows:

1.  **Protected Information**

    a.  "Protected Information" means any information of any type, kind, or character that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by any producing person(s), whether a party or nonparty.

    b.  All Protected Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof. Any party is free to use its own Protected Information for any purpose, and no use by the

Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information so long as the Protected Information has not been publicly disclosed.

    **2.**    **Designation Criteria**

    a.    *Non-Protected Information*.  Protected Information shall not include information that either:

        i.    is in the public domain at the time of disclosure;

        ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

        iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

        iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

    b.    *CONFIDENTIAL Information* means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c), including but not limited to information constituting personal data.

    c.    *HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information* means extremely sensitive CONFIDENTIAL Information, disclosure of which to another party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means.  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information includes: trade secrets; computer source code; proprietary marketing, financial, sales, research and development, or technical data/information; commercially sensitive competitive information, including information relating to future products, strategic or business plans, competitive analyses; personnel files; personal information that is protected by law; and other sensitive information that, if not restricted as set forth in this order, would create a substantial

risk of serious harm that could not be avoided by less restrictive means.

    d.  *HIGHLY CONFIDENTIAL – SOURCE CODE Information* means extremely sensitive CONFIDENTIAL Information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware design, disclosure of which to another party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    e.  *Designating Party* means a party or nonparty that designates information or items that it produces in disclosures or in response to discovery as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.

    f.  *Producing Party* means a party or nonparty that produces any information or item, regardless of how it is generated, stored, or maintained, in disclosures or in response to discovery in this matter.

    g.  *Receiving Party* means a party that receives any information or item, regardless of how it is generated, stored, or maintained, that is produced in disclosures or in response to discovery in this matter

    **3.**  **Marking of Documents**

Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, all deposition testimony and deposition exhibits, all expert reports, and all other materials produced or disclosed pursuant to Fed. R. Civ.

P. 26 through 37 shall be subject to this Order concerning protected information, as set forth below:

  a. The designation of protected information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  One who provides material may designate it as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only when such person in good faith believes that it qualifies as such.  A party shall not routinely designate material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.  Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party as Protected Information by labeling the file name as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

  b. Except for documents produced for inspection at the party's facilities, the designation of information as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.  Once specific documents have been designated for copying, any documents containing protected

information will then be marked CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of protected documents before they are copied and marked CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE pursuant to this procedure.

    c.      Portions of depositions shall be deemed CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE only if they are designated as such when the deposition is taken or within 15 days after receipt of the transcript. All deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for a period of 15 days after initial receipt of the transcript. Any testimony which describes a document which has been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE as described above, shall also be deemed to be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.

    **4.**      **Qualified Persons**.

"Qualified Persons" means:

    a.      For HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information:

        i.    outside counsel for the parties and their support personnel;

        ii.   designated in-house counsel of the Receiving Party, which means Flint Lewis, David Smorodin, Jan Bij de weg, and Paul Doda for Plaintiffs, and Jay Monahan for Defendant;

        iii.  actual or potential independent experts or consultants (and their respective support personnel) engaged in connection with this litigation. Prior to

       disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to such independent experts or consultants, such independent experts or consultants must execute Attachment A agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been disclosed by written notice to all counsel as a recipient of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information; provided, however, that such persons shall not receive HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information prior to the expiration of the four-day objection period set forth in paragraph 6(b) and resolution of any challenge thereunder. The notice provided for an expert, or a consultant who within the preceding five years has provided consulting services other than those in connection with litigation or enforcement, who receives HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information must (a) identify the general categories of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information the Receiving Party seeks to disclose to the expert or consultant, (b) set forth the expert's or consultant's full name and city, state, and country of residence, (c) attach a copy of the expert's or consultant's current resume, (d) identify the expert's or consultant's current employer, (e) identify each person or entity from whom the expert or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (f) identify by name and number of the case and location of the court any litigation in connection with which the expert or consultant has offered expert testimony, including by declaration, report, or testimony at a deposition or trial, in the preceding five years; the notice provided for a consultant who receives HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and within the preceding five years has provided consulting services solely in connection with litigation or enforcement need only set forth the consultant's full name and city, state, and country of residence. Independent experts or consultants under this paragraph shall not include current employees, officers, directors or agents of parties or affiliates of parties;

    iv.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

    v.    litigation vendors and court reporters; and

    vi.    any person who was an author or recipient of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and who agrees to keep the information confidential.

  b.    For HIGHLY CONFIDENTIAL – SOURCE CODE Information:

    i.    outside counsel for the parties and their support personnel;

    ii.    actual or potential independent experts or consultants (and their respective support personnel) engaged in connection with this litigation. Prior to

        disclosure of any HIGHLY CONFIDENTIAL – SOURCE CODE information to such independent experts or consultants, such independent experts or consultants must execute Attachment A agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been disclosed by written notice to all counsel as a recipient of HIGHLY CONFIDENTIAL – SOURCE CODE information; provided, however, that such persons shall not receive HIGHLY CONFIDENTIAL – SOURCE CODE information prior to the expiration of the four-day objection period set forth in paragraph 6(b) and resolution of any challenge thereunder.  The notice provided for an expert, or a consultant who within the preceding five years has provided consulting services other than those in connection with litigation or enforcement, who receives HIGHLY CONFIDENTIAL – SOURCE CODE information must (a) identify the general categories of HIGHLY CONFIDENTIAL – SOURCE CODE information the Receiving Party seeks to disclose to the expert or consultant, (b) set forth the expert's or consultant's full name and city, state, and country of residence, (c) attach a copy of the expert's or consultant's current resume, (d) identify the expert's or consultant's current employer, (e) identify each person or entity from whom the expert or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (f) identify by name and number of the case and location of the court any litigation in connection with which the expert or consultant has offered expert testimony, including by declaration, report, or testimony at a deposition or trial, in the preceding five years; the notice provided for a consultant who receives HIGHLY CONFIDENTIAL – SOURCE CODE information and within the preceding five years has provided consulting services solely in connection with litigation or enforcement need only set forth the consultant's full name and city, state, and country of residence. Independent experts or consultants under this paragraph shall not include current employees, officers, directors or agents of parties or affiliates of parties;

   iii.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

   iv.    litigation vendors and court reporters; and

   v.    any person who was an author or recipient of the HIGHLY CONFIDENTIAL – SOURCE CODE information and who agrees to keep the information confidential.

  c.    For CONFIDENTIAL Information:

   i.    the persons identified in paragraph 4(a);

   ii.    such officers, directors, or employees of a party who are actively involved in the prosecution or defense of this case;

7

      iii.    any person who was an author or recipient of the CONFIDENTIAL information and who agrees to keep the information confidential; and

      iv.    such other person as the parties may designate by mutual agreement or as this Court may designate after notice and an opportunity to be heard.

**5.**    <u>**Confidential Information Filed with Court**</u>.

To the extent that any materials subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11.  Even if the filing party believes that the materials subject to the Protective Order are not properly classified as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 6 of this Protective Order.

**6.**    <u>**Challenging the Designation**</u>.

a.    *Protected Information.*  A party shall not be obligated to challenge the propriety of a designation of Protected Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Protected Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be

resolved, the challenging party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Protected Information. The Designating Party shall then have seven (7) days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Protected Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Protected Information.

      b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Protected Information to such person, the challenging party must serve, within four (4) business days of such designation, a written objection to the designation. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have eight (8) business days from the date of the designation (or in the event particular Protected Information is requested subsequent to the designation of the Qualified Person, eight (8) days from service of the request) to move the Court for an order denying the designated person (a) status as a Qualified Person, or (b) access to particular Protected Information. The challenging party shall have the burden of demonstrating that disclosure to the disputed person would expose the challenging party to a substantial risk of serious harm. Upon the timely filing of such a motion, no disclosure of Protected Information shall be made to the disputed person unless and until the Court orders otherwise.

    **7.**    **Source Code**

      a.    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as HIGHLY CONFIDENTIAL – SOURCE CODE if it comprises or includes confidential, proprietary, or trade secret source code.

      b.      Protected Information designated as HIGHLY CONFIDENTIAL – SOURCE CODE shall be subject to all of the protections afforded to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, and may be disclosed only to the individuals to whom HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be disclosed, as set forth in paragraph 4(a).

      c.      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

      d.      The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 7(c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 6 whereby the Producing Party is the

"challenging party" and the Receiving Party is the "designating party" for purposes of dispute resolution. Unless a dispute has been raised, the Producing Party must provide the paper copies within five business days of the request.

    e.    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall make additional paper copies only if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

    **8.**    **Non-Waiver of Attorney-Client Privilege and Work Product Protection; Return of Privileged or Protected Materials.**

    a.    Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be

11

determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this Stipulated Protective Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the Producing Party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

      b.      Except when the Receiving Party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the Producing Party to retrieve the Document(s) in question), any Document(s) the Producing Party claims as Privileged or Protected shall, upon written request, promptly be returned to the Producing Party and/or destroyed, at the Producing Party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the Receiving Party may promptly seek a judicial determination of, the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the Producing Party to request the return or destruction of the Document once the Producing Party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

      c.      For purposes of sub-paragraph (c) above, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

  d.  For purposes of sub-paragraph (c) above, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

  9.  **<u>Advice to Clients</u>**.

  This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to such attorney's client the attorney's evaluation in a general way of Protected Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

  10.  **<u>Party Seeking Greater Protection Must Obtain Further Order</u>**.

  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

  11.  **<u>Modification of Order</u>**.

  A party may seek modification of this Order upon motion to the Court and for good cause.

**12.    Return of Confidential Material at Conclusion of Litigation.**

At the conclusion of the litigation, all material treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Respectfully submitted by:

| /s/ Scott A. Zebrak | /s/ Toyja E. Kelley |
|---|---|
| Scott A. Zebrak (Bar Number 17741) | Toyja E. Kelley (Bar No. 26949) |
| Corey Miller | SAUL EWING ARNSTEIN & LEHR LLP |
| Lucy Grace D. Noyola | 500 E. Pratt Street, Suite 900 |
| OPPENHEIM + ZEBRAK, LLP | Baltimore, MD 21202-3133 |
| 4530 Wisconsin Avenue NW, Fifth Floor | 410-332-8600 |
| Washington, DC 20016 | 410-332-8862 (facsimile) |
| Tel: (202) 480-2999 | Toyja.kelley@saul.com |
| Fax: (866) 766-1678 | |
| scott@oandzlaw.com | Mark A. Lemley |
| corey@oandzlaw.com | Joseph C. Gratz |
| lucy@oandzlaw.com | Allyson R. Bennett |
| | Aaron J. Benmark |
| ***Counsel for Plaintiffs*** | DURIE TANGRI LLP |
| | 217 Leidesdorff Street |
| | San Francisco, CA 94111 |
| | mlemley@durietangri.com |
| | jgratz@durietangri.com |
| | abennett@durietangri.com |
| | abenmark@durietangri.com |
| | 415-362-6666 |
| | 415-236-6300 (facsimile) |
| | |
| | ***Counsel for Defendant*** |


It is SO ORDERED this _____ day of_____ , 2019.

_____
The Honorable George J. Hazel
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY ET AL., <br><br>      Plaintiffs, <br><br>v. <br><br>RESEARCHGATE GMBH, <br><br>      Defendant. | Case No. 8:18-cv-03019-GJH |

**UNDERTAKING OF** _____

  I, _____ [name], state the following under penalties of perjury as provided by law:

  I am _____ [position] for _____ [employer]. I will be receiving HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE information that is covered by the Stipulated Protective Order governing this case and entered by the Court on _____, 2019. I have read the Stipulated Protective Order and understand that the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE information is provided pursuant to the terms and conditions in that order.

  I agree to be bound by the Stipulated Protective Order. I agree to use the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE information solely for purposes of this case. I understand that neither the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY

CONFIDENTIAL – SOURCE CODE information nor any notes concerning such information may be disclosed to anyone that is not bound by the Stipulated Protective Order. I agree to return the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE information and any notes concerning that information to the attorney of the Producing Party of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE information or to destroy the information and any notes at the attorney's request as required by the Stipulated Protective Order.

    I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Title: _____

Date: _____