# Durie Tangri

Joseph C. Gratz
415-376-6407 (direct)
415-362-6666 (main)
jgratz@durietangri.com

September 26, 2019

**Via ECF**

The Honorable George J. Hazel
United States District Judge
District of Maryland
6500 Cherrywood Lane
Suite 445A
Greenbelt, MD 20770

Re:   *American Chemical Society et al. v. ResearchGate GmbH*
      Case No. 8:18-cv-03019-GJH

Dear Judge Hazel:

### A.      Background

Plaintiffs jumped the gun.  Their letter motion to compel is premature and a misuse of the Court's time.  The parties were continuing to meet and confer when Plaintiffs filed their motion.  Indeed, on September 10, two days before Plaintiffs' motion, ResearchGate told Plaintiffs that it would get them its latest response by September 17.  Instead of waiting for that response—which moots Plaintiffs' motion entirely—or asking ResearchGate to reply sooner, Plaintiffs filed this motion on September 12, with no warning. [1]  In fact, only *yesterday*, Plaintiffs provided Defendants with a list of the journals as to which they requested documents.  Plaintiffs had indicated on August 20 that they would provide that list promptly, but they failed to do so until *after* they filed their motion.

Nevertheless, since the time Plaintiffs filed this motion, ResearchGate (1) sent its promised letter to Plaintiffs, which addressed all of the concerns raised in this motion to compel (*see* Letter from Joseph C. Gratz to Lucy Grace D. Noyola (Sept. 16, 2019) (Attachment A hereto)); (2) produced nearly 4,000 pages of responsive documents, as it said it would do in its letter (*see id.* at 1), and (3) produced gigabytes of data retrieved, at Plaintiffs' request, from databases maintained by Defendant in the

---

[1] Even Plaintiffs acknowledge that the parties were meeting and conferring in good faith.  *See* Letter from Scott A. Zebrak to Court at 1 (Sept. 12, 2019), ECF No. 36 ("Letter Motion").  Plaintiffs still have nearly six months to conduct discovery and to evaluate ResearchGate's production.  Because of the complexity and scope of discovery in this case, as the parties acknowledged early on, the parties agreed to a fact discovery period that does not end until March 19, 2020.

September 26, 2019
Page 2

operation of its service.[2]  ResearchGate is continuing to produce documents on a rolling basis.
ResearchGate's production and responsive letter address the concerns in Plaintiffs' letter motion, and
that motion should be denied.[3]

Further, Plaintiffs' letter motion is procedurally improper and should be denied for that reason alone.
Under this District's Local Rules, the parties are required to "make sincere attempts to resolve the
differences between them."  L.R. 104.7.  The moving party is required to submit a certificate reciting the
date, time, and place of the parties' discovery conference to informally resolve the matter and itemizing
all issues to be resolved by the Court.  *Id.*  And "[t]he Court will not consider any discovery motion
unless the moving party has filed" such a certificate.  *Id.*  The purpose of that rule is to avoid situations
like this one, where a party chooses to run to the court instead of completing the meet-and-confer
process.  Plaintiffs did not include the required certificate, and for that reason the Court should not
consider its discovery motion.

### B.    ResearchGate's Responses to Plaintiffs' Excessively Broad Requests

Plaintiffs make passing reference to the "general[]" types of documents that their requests seek and state
that ResearchGate "seeks to deny discovery."  Letter Mot. at 2-3.  Plaintiffs are wrong.  Many of
Plaintiffs' requests would require disclosure beyond what the Federal Rules of Civil Procedure permit,
and ResearchGate has objected appropriately.

Further, Plaintiffs are wrong that ResearchGate has failed to produce responsive documents.  Even
before Plaintiffs brought their motion, ResearchGate made its source code available for inspection,
which is sufficient to satisfy many of Plaintiffs' discovery requests.  Since the motion was brought,
ResearchGate has produced nearly 4,000 pages of responsive documents, including documents from
ResearchGate's internal wiki, gigabytes of information Plaintiffs requested from databases used in the
operation of ResearchGate's service, information about how authors can upload their work to
ResearchGate, financial data, and metrics regarding thousands of Plaintiffs' articles.  Even excluding
time spent by outside counsel, ResearchGate has already spent more than 150 hours gathering data and
documents responsive to Plaintiffs' requests and will continue to produce documents on a rolling basis.
To the extent Plaintiffs want additional documents, they should engage in the meet-and-confer process,
and identify custodians and search terms relevant to those specific documents.

### C.    ResearchGate's Past Processes and Pre-2015 Discovery

Plaintiffs mischaracterize ResearchGate's position on past processes and discovery of information dated
earlier than October 2, 2015.  That date is three years before Plaintiffs filed the Complaint—the statute
of limitations for copyright.  This statute-of-limitations-based objection does not unreasonably restrict

---

[2] ResearchGate earlier, on August 14, had made its source code available for inspection.  Plaintiffs have chosen not to inspect
the source code that has been made available to them.

[3] ResearchGate has asked Plaintiffs to withdraw this motion to avoid burdening the Court, but Plaintiffs have not done so.

September 26, 2019
Page 3

Plaintiffs' discovery, but instead imposes a reasonable scope on Plaintiffs' broad and disproportionate requests. Other courts have agreed. *See Spent v. Geolfos*, No. 11-cv-01878-MSK-MEH, 2011 WL 6102025, at *6 (D. Colo. Dec. 7, 2011) (applying the discovery rule and denying plaintiff's motion to compel disclosure of information pre-dating the three-year statute of limitations for copyright infringement); *see also Wilson v. MRO Corp.*, No. 2:16-cv-05279, 2017 WL 561333, at *2 (S.D. W. Va. Feb. 10, 2017) (denying a motion to compel production of information dated earlier than the statute of limitations, "[i]n view of the applicable limitations period for Plaintiffs' claims, and considering that the scope of discovery must be proportional to the needs of the case . . . .").

Plaintiffs are not entitled to every document ResearchGate has ever created. Rather, Plaintiffs are entitled to documents that are likely to be relevant to this litigation that can be located after a reasonable search. ResearchGate was founded in 2008. It would be highly burdensome for ResearchGate to have to search for decade-old information in response to each of Plaintiffs' 70 requests—particularly since Plaintiffs insist that ResearchGate produce information about *all* of their articles, not just the works in suit. ResearchGate has therefore properly asserted that a three-year time limit is appropriate for many of Plaintiffs' requests. (Attach. A at 2.)

But ResearchGate has *not* flatly refused to produce documents with respect to its past processes or to search for pre-2015 information. For example, as ResearchGate has previously informed Plaintiffs, ResearchGate is not withholding information about the manner of upload of Plaintiffs' alleged works, even if the upload occurred prior to the three-year limitations period. (Attach. A at 2.) As to other earlier documents that may be relevant, ResearchGate has asked Plaintiffs to identify the particular requests for which pre-2015 information and past process is likely to be relevant to this litigation and proportional to the needs of this case. ResearchGate's request is neither a "stalling tactic" nor an effort to "reinvent itself for litigation"; it is an effort to meet and confer with Plaintiffs in good faith. *See* Letter Mot. at 3. For that reason, Plaintiffs' motion to compel should be denied.

### D.     Email Discovery

Plaintiffs also misstate ResearchGate's position on email discovery. ResearchGate is not refusing to produce emails. It has consistently suggested meeting and conferring about a reasonable set of custodians and reasonable search terms. (*See* Attach. A at 2.) Indeed, ResearchGate had believed Plaintiffs agreed to this plan until Plaintiffs moved to compel email production without participating in the anticipated meet-and-confer process. Plaintiffs should withdraw, or the Court should deny, Plaintiffs' letter motion on this issue.

### E.     Documents Relating to the Creation of Author and Publication Pages

Finally, as to Plaintiffs' Request for Production No. 31, ResearchGate has produced responsive data. ResearchGate is not flatly objecting to production of responsive documents, as it has advised Plaintiffs (Attach. A at 3), and if ResearchGate locates any additional responsive documents through a reasonably diligent search, it will produce responsive, non-privileged non-email (until the parties agree on

September 26, 2019
Page 4

custodians and search terms) documents in its possession, custody, or control that it locates after a reasonable search sufficient to show the requested information.  Thus, Plaintiffs' motion regarding Request No. 31 is moot.  Discovery is proceeding on this issue.  If Plaintiffs are not satisfied with ResearchGate's production, they can meet and confer with ResearchGate and, if necessary, seek the Court's assistance at that time.

This motion is a waste of everyone's time.  If Plaintiffs had completed the meet-and-confer process, they would not have had to draft and file their lengthy letter; ResearchGate would not have had to prepare this letter; and the Court would not have to spend time refereeing issues on which the parties are actually in agreement.  To avoid further unproductive use of time, ResearchGate is not seeking Rule 37 sanctions for Plaintiffs' failure to adhere to the Local Rules regarding discovery disputes and its failure to complete the meet-and-confer process.  But the Court should direct Plaintiffs to adhere to the Local Rules and engage cooperatively in the meet-and-confer process, rather than running into court when a letter addressing their concerns is on its way.

For these reasons, Plaintiffs' letter motion to compel should be denied.

Respectfully submitted,

*/s/ Joseph C. Gratz*

Joseph C. Gratz

cc:      Counsel of Record (via ECF)