# EXHIBIT A

# Durie Tangri

Joseph C. Gratz
415-376-6407 (direct)
415-362-6666 (main)
jgratz@durietangri.com

September 16, 2019

**Via Email**

Lucy Grace D. Noyola
Scott Zebrak
Corey Miller
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
lucy@oandzlaw.com
scott@oandzlaw.com
corey@oandzlaw.com

Re:   *American Chemical Society et al. v. ResearchGate GmbH*
      Case No. 8:18-cv-03019-GJH

Dear Counsel:

We write in response to your September 3 letter and your September 12 motion to compel.  We believe that your motion to compel was not only procedurally improper (*see* Local Rule 104.7), but also premature.  As we discussed on the August 20 call, ResearchGate has been in the process of locating and collecting responsive documents.  ResearchGate plans to produce, by Friday, September 20, at least (1) an organizational chart, (2) numerous responsive documents from ResearchGate's internal wiki, (3) documents showing the workflow by which users upload content to ResearchGate, and (4) numerous responsive documents from ResearchGate's website.  ResearchGate intends to continue to produce documents on a rolling basis.

Further, the parties' common positions and compromises on several issues, as set forth below, make the Court's involvement unnecessary at this stage.  Plaintiffs should withdraw their motion to compel immediately.

### 1.  Plaintiffs' First Sets of Interrogatories and Requests for Production

#### a.  Overarching Issues

*First*, ResearchGate is not imposing a works-in-suit limitation on its collection and production.  Rather, ResearchGate is searching for responsive documents with respect to all of Plaintiffs' works.  As we've

September 16, 2019
Page 2

discussed previously, these efforts would be aided if Plaintiffs' would produce the unique DOI numbers corresponding to the works about which they want ResearchGate to collect data. Plaintiffs apparently are unwilling to do so, but ResearchGate is still working diligently to search for and produce information about the works that Plaintiffs have not identified. We assume this resolves at least the works-in-suit issues raised in your letter and motion.

*Second*, ResearchGate indeed maintains its objection based on time period for a majority of Plaintiffs' requests. Applying a three-year statute of limitations does not unreasonably restrict Plaintiffs' discovery, but instead imposes a reasonable scope on Plaintiffs' broad and disproportionate requests. For the sake of clarity, if one of Plaintiffs' works was uploaded to ResearchGate's website (or computer servers that it owns or controls), ResearchGate is not withholding information about the manner of upload, even if the upload occurred prior to the three-year limitation period. Further, as previously stated, ResearchGate remains willing to discuss collection and production dated earlier than October 2, 2015 for particular requests. Plaintiffs, however, have yet to identify which requests they believe such production is warranted for. This should resolve, at least for the time being, the time-period issue raised in your letter and motion.

*Third*, as to past processes, we are in the process of determining what if any documents about ResearchGate's past processes exist—as we have previously informed Plaintiffs. But Plaintiffs still have not offered justification for unduly burdening ResearchGate with a blanket search for past processes. Your assertions that "ResearchGate's past processes and policies are relevant to all of the aforementioned requests," and "[j]ust as current process or policy that resulted in infringement of Plaintiffs' works is relevant and highly important to vicarious liability and damages issues, so, too, is *any* past process or policy" (Sept. 3, 2019 Letter at 2 (emphasis added)), are conclusory and do not provide a rationale for delving into *any and all* past processes. Again, however, we remain willing to consider Plaintiffs' position on a request-by-request basis, if Plaintiffs can identify particular requests. ResearchGate believes the parties can resolve this issue rather than burdening the Court with it.

*Fourth*, on email documents: We were surprised that you filed a motion to compel with respect to email documents, given the parties' previous agreement to meet and confer regarding an appropriate set of custodians and keywords. Please withdraw your motion and propose a schedule for the parties' previously agreed-upon exchange.

*Fifth*, Plaintiffs' demand for "*all*" documents is misplaced and unjustified. Plaintiffs are not entitled to blanket discovery of all responsive documents, which would impose an undue burden ResearchGate and require ResearchGate to locate and produce irrelevant documents. ResearchGate's willingness to produce documents "sufficient to show" is not any avoidance or "cherry pick[ing]" tactic (Sept. 3, 2019 Letter at 3); it imposes a reasonable scope on Plaintiffs' overly broad requests. ResearchGate will comply with its discovery obligations under the federal rules and considers Plaintiffs' objection in this regard to be unfounded. Nonetheless, ResearchGate is willing to discuss and consider Plaintiffs' demands on a request-by-request basis.

September 16, 2019
Page 3

*Finally*, ResearchGate maintains its position that the availability of its source code—for over a month now, since August 14—should be sufficient in response to at least Plaintiffs' RFPs 4, 6, 7, 13, 15, 17, 20, 22, 28, and 43.  When Plaintiffs feel ready and choose to inspect that source code is of course up to Plaintiffs, but that Plaintiffs do not wish to inspect ResearchGate's source code yet cannot impose any additional burden on ResearchGate to produce more than what Plaintiffs are entitled to.  Plaintiffs should review the source code first, and if Plaintiffs believe that does not satisfy their requests, then ResearchGate is willing to meet and confer about additional, reasonable collection and production, to the extent any further responsive documents exist.

**b.  Request-Specific Issues**

Below we address your contentions on particular requests.  We disagree with some of your assertions, but still believe that the parties' positions can be resolved with the Court's involvement.

- *RFPs 30, 32:*  ResearchGate maintains its position.

- *RFP 31:*  ResearchGate is in the process of determining what if any responsive documents exist and, to the extent they do, ResearchGate will produce responsive, non-privileged non-email documents in its possession, custody, or control that it locates after a reasonable search sufficient to show the information requested.  Thus, Plaintiffs should withdraw this issue from the Court's consideration.

- *RFP 49:*  ResearchGate has already agreed to confer about custodians and search terms for email documents, as discussed above.  We assume that this satisfies your concerns about RFP 49 for the time being.

- *RFP 52:*  ResearchGate does not understand whether you are raising a dispute about this request. In any event, ResearchGate is in the process of determining what if any responsive documents exist and assumes that our position on email would satisfy any concerns Plaintiffs may have.

- *RFP 57:*  We note your clarification, and ResearchGate is in the process of determining whether responsive documents exist and, to the extent they do, is willing to produce responsive, non-privileged non-email documents in its possession, custody, or control that it locates after a reasonable search.

**2.  ResearchGate's First Sets of Interrogatories and Requests for Production**

*First*, as to ResearchGate's Interrogatories generally, while Fed. R. Civ. P. 33(d) permits a party to produce and specify documents in response to an interrogatory, Plaintiffs have pointed to general categories of documents that it has or will produced.  ResearchGate reserves the right to request more specific responses and identification of documents from Plaintiffs.

September 16, 2019
Page 4

We next address your positions on particular Interrogatories and RFPs.

- *RFPs 3, 19-24, 34:*  ResearchGate maintains its position on these requests.  Plaintiffs should produce all documents, including communications, with authors, with third parties, and among Plaintiffs, which are highly relevant to Plaintiffs' and authors' rights, as we have explained. ResearchGate has made clear what it is seeking and why these documents are important to the claims and defenses here.  Please let us know whether you are willing to reconsider your responses.

- *RFPs 7, 10-11, 18:*  ResearchGate maintains its position, and Plaintiffs should produce the requested information because it is relevant to the range of damages that can be awarded.  *See, e.g.*, *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014) (stating that the revenues lost by the copyright holder is among the factors considered in awarding statutory damages).  Let us know if you are willing to reconsider your position or meet and confer about these requests.

- *RFPs 8-9:*  Our earlier letters have made clear the scope of these requests and why the requested information is relevant.  Let us know if you are willing to reconsider your position and are willing to meet and confer about these requests.

- *RFP 12:*  We note Plaintiffs' response and reserve our rights to revisit this request.

- *RFPs 13-16:*  ResearchGate's requests still seek, and Plaintiffs still refuse to produce, documents and communications with authors or anyone else.  These are relevant, as we have explained, to Plaintiffs' ownership and copyrights.  For example, if Elsevier told an author that the license would not prevent her from uploading her work to ResearchGate, that would be highly relevant; so too would be any emails with a non-corresponding author or any representation by a corresponding author about the scope of his or her authority with respect to his or her coauthors.

- *RFPs 17, 27, 36:*  These requested documents—pertaining to ResearchGate and Plaintiffs' other enforcement activities, if any—are relevant, reasonable to request, and Plaintiffs should produce them.  The fact that some documents may be privileged does not render the requested information unresponsive; rather, privileged communications should be logged.  Let us know if you are willing to reconsider your position.

- *RFP 28:*  ResearchGate has explained its position on this request and that, as you note, it would include communications with authors' institutions.  Your assertion that collection and production would be "daunting" is not a valid reason to oppose production.  (Sept. 3, 2019 Letter at 6.) Indeed, it is "daunting" for ResearchGate to collect and produce information about all of Plaintiffs' articles (especially in light of Plaintiffs' refusal to even identify them), but ResearchGate is still making best efforts to do so.  Let us know if Plaintiffs will produce responsive documents or are willing to meet and confer further about this request.

September 16, 2019
Page 5

- *RFPs 29-30:*  Plaintiffs' understanding in this regard is relevant for the reasons we have explained.  Nothing about this request is "improper on its face."  (*Id.* at 6.)  And even if policies "should also be a matter of public record," that does not excuse Plaintiffs' obligation to search for responsive records.  Your use of "should" is unresponsive and provides no assurance, and even if the policies themselves are publicly available, Plaintiffs ***understanding*** is not.  (*Id.*)  And for RFP 30, that you do not "even know who at Plaintiffs might have such documents" is no excuse.  (*Id.*)  It is your obligation to conduct a reasonable search and find out.  ResearchGate also is willing to discuss this requests in the context of meeting and conferring about custodians and search terms.

- *RFP 35:*  Your assertion that "[t]his request does not seek documents relevant to any claim or defense in suit," (*id.* at 7), is remarkable in light of the fact that your Complaint discusses the Coalition for Responsible Sharing at length.  Compl. ¶¶ 49, 51.  We understand, however, that you are willing to search for documents related to the coalition, and look forward to discussing with you the appropriate custodians and search terms for that search.

- *RFP 37-39:*  Your conclusory assertions that these requests present a "massive" (but unexplained) burden and "do not appear to involve any relevant issues" aside (Sept. 3, 2019 Letter at 7), Plaintiffs have offered no justification for stonewalling ResearchGate with respect to these requests.  Indeed, these requests are highly relevant.  RFP No. 37, for example, seeks license agreements with authors for Plaintiffs' copyrighted works where the authors retained the right to publicly display their Copyrighted Articles.  This information is directly relevant to Plaintiffs' argument that ResearchGate must have known by the mere fact that an article was published in one of Plaintiffs' journals that the author would not have the right to upload that article to ResearchGate.  *See, e.g.*, Compl. ¶¶ 4, 34.  Further, ResearchGate has offered to limit its requests based on the scopes of RFPs 14 and 38, and summary data that may be available.  Let us know if you are willing to reconsider your positions or meet and confer further about these requests.

- *RFP 40:*  Plaintiffs earlier confirmed that they would produce responsive communications.  And Plaintiffs now assert that they have produced or will produce documents "that may be responsive to this request" (Sept. 3, 2019 Letter at 7)—not that documents that will be produced "are" responsive to this request.  Further, Plaintiffs' obligation to produce responsive documents cannot be contingent on your review of documents ResearchGate produces.  Plaintiffs must have had a good faith basis for alleging infringement under a secondary liability theory, and therefore should have documents reflecting their understanding of who the primary infringer would be.  For this request, too, Plaintiffs have an obligation to conduct a search and produce responsive documents; let us know if Plaintiffs intend to do so or at least reconsider the misplaced and vague position expressed in your letter.

September 16, 2019
Page 6

We look forward to your response and discussing any remaining issues with you further.  As stated earlier, ResearchGate's positions, the parties' compromises, and ResearchGate's production obviates Plaintiffs' motion to compel, which should be withdrawn immediately.  ResearchGate reserves its right to seek sanctions, at least in the form of attorneys' fees expended in responding to Plaintiffs' procedurally improper motion, if Plaintiffs do not withdraw their motion by close of business on September 23, 2019.

ResearchGate reserves all rights.

Sincerely,

Joseph C. Gratz

JCG:psh