

Scott A. Zebrak
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC  20016
202.450.3758 | scott@oandzlaw.com

October 1, 2019

**<u>Via ECF</u>**

Honorable George J. Hazel
United States District Court, District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Suite 445A
Greenbelt, MD  20770

Re:   *American Chemical Society et al. v. ResearchGate GmbH*,
      No. 8:18-cv-03019-GJH

Dear Judge Hazel:

We represent Plaintiffs in the above-referenced action and respectfully submit this short reply to ResearchGate's opposition to Plaintiffs' letter motion to compel (ECF No. 36).

ResearchGate's contention that Plaintiffs "jumped the gun" is, to put it mildly, disingenous. Plaintiffs exercised extraordinary patience.  ResearchGate finally started producing documents only *after* Plaintiffs filed their letter motion.  Six months into discovery, and notwithstanding lengthy telephonic meet-and-confers and related correspondence, ResearchGate remained steadfast in its objections and had not produced any documents.  Nor was ResearchGate willing to provide any firm indication when it would actually start producing documents.  Plaintiffs provided ample notice to ResearchGate, by phone and by letter, that the parties were at an impasse on certain discovery issues and that Plaintiffs would seek the Court's assistance. Plaintiffs' letter motion made all this clear, and a formal Local Rule 104.7 certificate would have been inconsistent with the informal procedure provided by the Court during the Rule 16 Scheduling Conference.

ResearchGate's claim that its recent letter addresses all of the concerns raised in Plaintiffs' motion is similarly specious.  While Plaintiffs' letter motion prompted some movement from

ResearchGate, it is still withholding relevant discovery on a number of key issues.[1]  In particular, ResearchGate maintains its objections to producing documents concerning its past processes and policies, documents pre-dating the limitations period, and emails responsive to several requests. The Court's intervention remains necessary on those issues.

I.      **ResearchGate Continues to Arbitrarily Limit Discovery Based on Its "Current" Practices and the Limitations Period**

ResearchGate's continued attempts to limit its discovery responses to its "current" processes or policies, as well as documents dated after October 2, 2015, are unjustifiable.  As ResearchGate acknowledges, Plaintiffs are entitled to documents that are likely to be relevant and that can be located after a reasonable search.  ECF No. 37, at 3.  Unlike the cases cited by ResearchGate (*see id.*), Plaintiffs here have provided specific reasons why discovery of ResearchGate's prior processes or policies and documents pre-dating October 2, 2015 are necessary and important to the issues in this case.  ECF No. 36, at 3-4.  ResearchGate does not dispute those reasons. Instead it complains of burden without pointing to any *actual*, let alone unreasonable, burden in producing such documents.  ResearchGate's unsubstantiated, conclusory assertions of burden should not be credited.  Nor should ResearchGate be allowed to hide how, why, and the extent to which it engaged in infringing activities simply because it has purportedly changed some of its practices with litigation on the horizon or because a document is dated before the limitations period.

ResearchGate claims ignorance, but it is well aware of which requests Plaintiffs seek past policies and process and documents pre-dating October 2, 2015.  *See* ECF No. 37, at 3.  Plaintiffs had repeatedly identified the specific requests at issue, both in its letter motion and past letters. *E.g.*, ECF. No. 36, at 3-4.  The parties have been meeting and conferring on these objections for months and are at an impasse.

II.     **ResearchGate Has Not Withdrawn Its Objection to Producing Emails Responsive to Certain Requests**

ResearchGate is improperly attempting to exclude key document requests from email searches. In its August 20, 2019 letter to Plaintiffs, and despite the parties' plan to meet and confer regarding email searches, ResearchGate stated that it will produce only "non-email documents" responsive to Plaintiffs' Request for Production Nos. 14, 39, 41, 45-47, 49, 52, and 60.  It similarly stated that it would produce only "documents sufficient to show" the information requested by Plaintiffs' Request for Production Nos. 37 and 38.  After Plaintiffs filed their letter

---

[1] While ResearchGate has started producing documents, it has withdrawn its objections with respect to only three requests, Plaintiffs' Request for Production Nos. 31, 49, and 52.  Further, ResearchGate's reference to its software source code is a red herring.  As we informed opposing counsel, we will, of course, inspect ResearchGate's source code but after we obtain and review documents, including technical documents, specifications, and diagrams that explain and provide context for ResearchGate's processes.  ResearchGate's expectation that we inspect its source code in a vacuum—without any related technical and background documents—is unreasonable and inefficient.

motion, ResearchGate conceded to including Plaintiffs' Request for Production Nos. 49 and 52 in their email searches.  *See* ECF No. 37, Ex. A at 3.  But ResearchGate has not withdrawn its objections to producing emails for the remaining requests.  The Court should require ResearchGate to include those document requests in its email searches.  Email is often where a defendant's activities, knowledge, and intent come to life.  Policies and software source code are important but alone are insufficient.

* * *

Plaintiffs request a conference as soon as practicable to address ResearchGate's improper withholding of: (1) documents concerning its past processes and policies, (2) documents pre-dating the limitations period, and (3) emails responsive to certain document requests.

Respectfully submitted,

*/s/ Scott A. Zebrak*

Scott A. Zebrak

cc:  Counsel of Record (via ECF)

3