# Durie Tangri

Joseph C. Gratz
415-362-6666 (main)
jgratz@durietangri.com

February 11, 2020

**Via ECF**

Honorable George J. Hazel
United States District Court
District of Maryland
6500 Cherrywood Lane
Suite 445A
Greenbelt, MD 20770

Re: *American Chemical Society et al. v. ResearchGate GmbH*
Case No. 8:18-cv-03019-GJH

Dear Judge Hazel:

ResearchGate seeks an order compelling Plaintiffs to produce documents responsive to ResearchGate's requests for production.[1] While the parties are still meeting and conferring regarding a number of issues, the issues ResearchGate raises in this letter are all issues on which the parties are firmly at an impasse and are ripe for decision by this Court.

## I.  Brief Background

Plaintiffs allege that ResearchGate is liable for copyright infringement when scientists post ***their own work*** on ResearchGate's website. These claims are based on allegations that "ResearchGate solicits specific authors to upload copies of specific PJAs [published journal articles] that ResearchGate knows are published in journals whose terms do not allow such posting." (Compl. ¶ 34, ECF No. 1.) Plaintiffs also allege that ResearchGate presents "false and misleading" statements about what types of content lawfully may be posted on ResearchGate's website. (*Id.* ¶ 40.)

Plaintiffs and ResearchGate participated in telephonic meet-and-confer sessions on November 5 and 14, 2019, January 9 and 10, and February 6, 10, and 11, 2020, regarding ResearchGate's requests for production ("RFPs") and Plaintiff's production. The following disputes are ripe for decision following an impasse in those discussions.

---

[1] ResearchGate is aware of the procedure set forth in Local Rule 104.8 and files this letter motion to compel in accordance with the letter motion procedure adopted earlier in this case. (*See* ECF Nos. 36-39.) ResearchGate is willing to submit a declaration pursuant to Local Rule 104.7 if the Court prefers.

02/11/2020

217 Leidesdorff Street
San Francisco, California 94111
(415) 362-6666

530 Molino Street, Suite 111
Los Angeles, California 90013
(213) 992-4499

www.durietangri.com

Honorable George J. Hazel
February 11, 2020
Page 2

## II.     Documents Plaintiffs Should Produce

ResearchGate requests an order compelling Plaintiffs to produce:  (A) documents relating to the value of Plaintiffs' articles; (B) documents relating to the allegedly unauthorized use or distribution of Plaintiffs' articles, take-down notices sent to third parties, and assertions of copyright infringement; and (C) documents relating to ResearchGate's copyright misuse-defense, including documents relating to the Coalition for Responsible Sharing.

### A.     Value of Plaintiffs' Articles

Plaintiffs have asserted they are entitled to statutory damages as a result of ResearchGate's alleged infringement.[2]  (Compl. ¶¶ 59, 68, 76, 84 & Prayer for Relief ¶ 4, ECF No. 1.)  ResearchGate is therefore entitled to discovery into the value of Plaintiffs' works.  Specifically, ResearchGate has requested:  documents and communications relating to the value of the works in suit (RFP No. 7); documents sufficient to show, for each work, Plaintiffs' revenue, expenses, and profits related to that work (RFP No. 10); and revenue, expenses, and profits from advertising relating to that work (RFP No. 11).  These documents would show what harm, if any, Plaintiffs suffered as a result of ResearchGate's activities.

Plaintiffs claim that these documents are irrelevant because Plaintiffs seek statutory—rather than actual—damages.  But "revenue lost by the copyright holder" is a factor considered in statutory damages awards.  *See, e.g.*, *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014); *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 406 (D. Md. 2006).  Plaintiffs have conceded during the parties' meet-and-confer efforts that any actual damages here are "incalculable" and "too attenuated," and that Plaintiffs will be unable "to argue any articulable amount" or provide any reliable analysis or evidence of alleged actual damages.  But they insist they must preserve their right to argue at trial that they suffered harm.  ResearchGate therefore is entitled to discovery to dispute that claim.  Accordingly, ResearchGate requests an order compelling production in response to the full scope of these document requests, to the extent responsive documents exist.[3]

### B.     Unauthorized Use or Distribution, Take-Down Notices, and Assertions of Infringement

Also in connection with Plaintiffs' claims for damages and ResearchGate's DMCA defense, ResearchGate has requested documents relating to:  unauthorized distribution of Plaintiffs' works in suit (RFP No. 17); take-down notices sent to third parties (RFP No. 27); and documents sufficient to show all assertions of copyright infringement Plaintiffs have made with respect to any copyrighted work (RFP No. 36).  Plaintiffs have refused.

---

[2] The parties attempted to reach a stipulation that would have reduced discovery with respect to Plaintiffs' alleged damages and SHERPA/RoMEO.  However, during the February 6 call, the parties agreed that no stipulation would be possible with respect to damages, although discussions are still ongoing regarding SHERPA/RoMEO.

[3] Plaintiffs have indicated that this information is not available on an article-by-article basis, but probably would be available at the journal level.  ResearchGate acknowledges that information at the level of detail ResearchGate seeks may not be available but requests production to the extent responsive information does exist.

Contrary to Plaintiffs' assertions, documents responsive to RFP Nos. 17, 27, and 36 are relevant—to at least Plaintiffs' claim for statutory damages and red-flag knowledge under the DMCA. They are relevant to damages because, among the factors to be considered in awarding statutory damages are actual damages, the infringer's state of mind, and the conduct and attitude of the parties. *See, e.g.*, *Psihoyos*, 748 F.3d at 127; *Disney Enters., Inc.*, 446 F. Supp. 2d at 406. Documents showing the scope of alleged unauthorized use and actions Plaintiffs have taken with respect to any alleged infringement of their rights in the works will show the harm (if any) caused by third parties rather than ResearchGate. They also will show whether Plaintiffs actually considered ResearchGate's activities infringing or problematic for their business; if they took no action against third parties, for example, then the documents will reveal that Plaintiffs did not diligently take steps to protect their copyrights and instead simply have targeted ResearchGate as a competitor, bolstering the copyright-misuse defense and weighing against an award of statutory damages above the minimum.

Further, the requested documents are relevant to red-flag knowledge because they will help to demonstrate that ResearchGate was not aware of facts that, to a reasonable person, would have made it obvious that ResearchGate's activities were infringing. *E.g.*, *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1057-58 (9th Cir. 2017) (discussing the standard for red-flag knowledge). For instance, Plaintiffs' works may have been posted online in places other than ResearchGate's website. Documents reflecting this would demonstrate that it was not obvious to a reasonable person in ResearchGate's position that ResearchGate's activities infringed Plaintiffs' copyrights, *see id.* (explaining red-flag knowledge and the perspective of a reasonable person), because the works available on ResearchGate were available elsewhere online, and because Plaintiffs may have taken no enforcement action with respect to those works on other websites.

### C. Documents Related to ResearchGate's Copyright-Misuse Defense

#### 1. Coalition for Responsible Sharing (RFP Nos. 35, 44-46)

ResearchGate has sought but Plaintiffs have refused to produce documents and communications relating to the Coalition for Responsible Sharing (the "Coalition") (RFP Nos. 35, 44-46), a group of publishers formed for the express purpose of targeting ResearchGate. Plaintiffs are members of the Coalition, and the Coalition's website references this litigation and the objective of Plaintiffs in bringing it. *See* FAQ, Coalition for Responsible Sharing, http://www.responsiblesharing.org/faq/ (visited Feb. 10, 2020). Plaintiffs themselves injected the Coalition into this dispute by discussing it in their Complaint. (Compl. ¶ 49, ECF No. 1.) But Plaintiffs have refused to produce documents about the Coalition, objecting on relevance grounds. This objection is unjustified.

The Coalition is relevant to the parties' claims and defenses because the Coalition is all about ResearchGate. According to publicly available information, the Coalition was founded by Plaintiffs, among others, in order to oppose and pursue coordinated activities against ResearchGate. Home, Coalition for Responsible Sharing, http://www.responsiblesharing.org/ (visited Feb. 2, 2020). Accordingly, any document relating to the Coalition, including funding for the Coalition, necessarily would relate to Plaintiffs' assertions that ResearchGate has infringed Plaintiffs' copyrights through its

Honorable George J. Hazel
February 11, 2020
Page 4

website and related activities. More specifically, Plaintiffs' documents relating to the Coalition are relevant and discoverable because they go to at least (1) ResearchGate's affirmative defense of copyright misuse, (2) red-flag knowledge, and (3) actual damages.

ResearchGate has asserted copyright misuse as an affirmative defense. (Def.'s Answer at 20, ECF No. 9.) Copyright misuse is a defense to copyright infringement when a plaintiff attempts to use its copyright to secure an exclusive right or monopoly *not* covered by copyright. Copyright misuse can include antitrust violations, but an antitrust violation is not required. *See, e.g.*, *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978-79 (4th Cir. 1990) (recognizing copyright-misuse defense and concluding that plaintiff misused its copyrights); *PRC Realty Sys., Inc. v. Nat. Ass'n of Realtors*, 972 F.2d 341 (Table), at *3, *11 (4th Cir. 1992) (same); *Costar Grp. Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 709 (D. Md.), *aff'd*, 373 F.3d 544 (4th Cir. 2001) (suggesting that plaintiff's deceiving the court and "wield[ing] the heavy sword of litigation under the guise of legitimate copyright enforcement in areas in which it had no rights" (citation omitted) (internal quotation marks omitted) could support a copyright-misuse defense).

ResearchGate's mission of (lawfully) making science more accessible poses a competitive threat to Plaintiffs and the other members of the Coalition—not to mention the direct competitive threat that ResearchGate poses to Mendeley, an "academic social network" owned by Plaintiff Elsevier. ResearchGate poses such a threat because, for instance, it allows authors to post preprint versions of their articles, which provides an alternative avenue for sharing knowledge and learning about scientific research. ResearchGate also is a threat because of its direct relationships with users, who include potential creators of content, peer reviewers, and purchasers of content and products. Plaintiffs don't like this; even though authors indisputably have the right to post preprints, Plaintiffs would prefer that research and findings are available only through *their* avenues of journals and Mendeley, and that they be the only ones with relationships with researchers. The Coalition for Responsible Sharing thus was formed by direct competitors (Plaintiffs and several other competing publishers) of ResearchGate with the stated purpose of targeting ResearchGate. These publishers' attempts to control content—such as preprints—outside the scope of their retained copyright interests by utilizing litigation related to the copyright licenses is textbook copyright misuse. *See, e.g.*, *Lasercomb*, 911 F.2d at 978-79.

Further, the publicly stated purpose of this coalition is to convince ResearchGate to forgo entirely the notice-and-takedown regime under the DMCA. *See* Coalition Statement, Coalition for Responsible Sharing, http://www.responsiblesharing.org/coalition-statement/ (visited Feb. 5, 2020). This attempt to circumvent the clear public policy embodied in the DMCA's notice-and-takedown provisions is another example of copyright misuse: Plaintiffs are using the cost of litigation as a lever to coerce ResearchGate to give up its undisputed rights under the safe harbor to resolve claims regarding user-uploaded content via take-down notices. While Plaintiffs may "believe that [the DMCA] is not a viable long-term solution," *id.*, it is the solution provided by Congress for resolving these types of disputes and a public policy embodied in copyright law that Plaintiffs cannot use litigation to circumvent. In short, ResearchGate is entitled to discovery that will allow it to evaluate whether the Coalition is really just about preventing copyright infringement—as the Coalition claims publicly—or whether it is being used to facilitate and fund anti-competitive activities or activities against the public policy embodied in the copyright laws that would constitute copyright misuse.

Honorable George J. Hazel
February 11, 2020
Page 5

Additionally, as discussed above, ResearchGate has asserted the safe-harbor provisions of the DMCA as an affirmative defense, including that ResearchGate had no red-flag knowledge of infringing material or activity on its website. ResearchGate believes that Coalition-related documents will reveal documents showing that, to Plaintiffs and other members of the Coalition, ResearchGate's platform was not infringing Plaintiffs' copyrights—especially in light of Elsevier's own online network of Mendeley, which, like ResearchGate, permits authors to share research papers online. These documents would demonstrate that ResearchGate could not have been aware of facts that, to a reasonable person, would have made it obvious to ResearchGate that its activities infringed Plaintiffs' copyrights.

As to damages, as noted, the infringer's state of mind and the conduct and attitude of the parties are among the factors for the award of statutory damages. *See, e.g.*, *Psihoyos*, 748 F.3d at 127; *Disney Enters., Inc.*, 446 F. Supp. 2d at 406. Coalition documents and communications may show information relating to ResearchGate's state of mind and they very likely will demonstrate the conduct and attitude of Plaintiffs' with respect to ResearchGate. For instance, they may include communications that show that ResearchGate did not intend to infringe copyrights or was not aware that its conduct was infringing, and that show Plaintiffs have intended simply to eliminate or harm a competitor.

### 2. Other Documents Related to Copyright Misuse (RFP Nos. 47-49)

In addition to its RFPs regarding the Coalition for Responsible Sharing, ResearchGate served several other requests for production that are relevant to its copyright-misuse defense, including: documents regarding how Plaintiffs understand their agreements with authors to affect material outside the copyright (RFP No. 47); documents relating to Plaintiffs' attempts to use their agreements with authors to prevent them from modifying preprints (RFP No. 48); and documents sufficient to show Plaintiffs' understanding of the copyrightable material contained in different versions of articles, all of which are subject to restrictions contained in Plaintiffs' agreements with authors, including differences in copyrightable material between different versions (RFP No. 49).

For all of these requests, Plaintiffs have refused to produce responsive documents beyond the final license agreements and Plaintiffs' published sharing guidelines. But these documents go to the heart of ResearchGate's copyright-misuse defense. They all speak directly to whether Plaintiffs are attempting to leverage their copyright to gain a monopoly over areas not controlled by copyright. *See, e.g.*, *Lasercomb America, Inc.*, 911 F.2d at 978-79. ResearchGate needs not only Plaintiffs' published sharing guidelines, but their internal documents addressing whether they are, in fact, trying to reach areas outside of the scope of copyright.

### III. Conclusion

ResearchGate respectfully requests an order compelling Plaintiffs to produce:

- Documents and communications relating to the value of the works in suit (RFP No. 7); documents sufficient to show, for each work, Plaintiffs' revenue, expenses, and profits related to that work (RFP No. 10); and revenue, expenses, and profits from advertising relating that work (RFP No. 11);

Honorable George J. Hazel
February 11, 2020
Page 6

- Documents relating to the unauthorized distribution of Plaintiffs' works in suit (RFP No. 17); take-down notices sent to third parties (RFP No. 27); and documents sufficient to show all assertions of copyright infringement Plaintiffs have made with respect to any copyrighted work (RFP No. 36);

- Documents and communications relating to the Coalition for Responsible Sharing (RFP Nos. 35, 44-46); and

- Other documents relating to copyright misuse, namely:

    - Documents regarding how Plaintiffs understand their agreements with authors to affect material outside the copyright (RFP No. 47);
    - Documents relating to Plaintiffs' attempts to use their agreements with authors to prevent them from modifying preprints (RFP No. 48); and
    - Documents sufficient to show Plaintiffs' understanding of the copyrightable material contained in different versions of articles, including differences in copyrightable material between different versions (RFP No. 49).

Respectfully submitted,

*/s/ Joseph C. Gratz*

Joseph C. Gratz

Toyja E. Kelley
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street, Suite 900
Baltimore, MD 21202-3133
410-332-8600
410-332-8862 (facsimile)
Toyja.kelley@saul.com

cc:   Counsel of Record (via ECF)