

Scott A. Zebrak
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC  20016
202.450.3758 | scott@oandzlaw.com

August 28, 2020

**Via ECF**

Honorable George J. Hazel
United States District Court, District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Suite 445A
Greenbelt, MD 20770

      Re:    *American Chemical Society et al. v. ResearchGate GmbH*,
               No. **8:18-cv-03019-GJH**

Dear Judge Hazel:

      On behalf of Plaintiffs the American Chemical Society ("ACS") and Elsevier Inc., Elsevier Ltd., and Elsevier B.V. (collectively, "Elsevier") in the above-referenced action, we write to file this Interim Sealing Motion to seal the letter motion for a protective order Plaintiffs filed today.[1]  ECF No. 60.

      Local Rule 105.11 and Section 5 of the Protective Order entered by the Court (ECF Nos. 32, 35) require a party filing information with the Court that is confidential under the Protective Order to file such confidential information under seal and concurrently file an Interim Sealing Motion to seal the confidential information.  Plaintiffs file this Interim Sealing Motion to comply with these requirements.

      Plaintiffs' motion for a protective order and the supporting papers involve the nature and scope of business relationships between Plaintiffs and a third-party service provider, including a specific product initiative of the third party, an email from the third party's then CEO to Elsevier regarding that initiative, and Elsevier's discussion of the email.  The details of those business relationships and Plaintiffs' communications with the third-party service provider are commercially sensitive and confidential.  Accordingly, when Elsevier produced the emails

---

[1] Plaintiffs file this letter motion pursuant to the Court's guidance at the Rule 16 Scheduling Conference on February 28, 2019.  If the Court prefers a formal motion, Plaintiffs will proceed with filing a motion under L.R. 104.8 and 105.

discussed in the motion, it designated the documents as CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, respectively.

This confidential information is necessary to Plaintiffs' motion for a protective order because the emails and Plaintiffs' business relationship with the third-party service provider are at the core of the non-party discovery Defendant is seeking, which is the subject of Plaintiffs' motion.

Under the Protective Order, sealing is necessary to maintain the confidentiality of the protected information. Accordingly, to protect Plaintiffs' commercially sensitive confidential business information, Plaintiffs respectfully request that Plaintiffs' Motion for a Protective Order be sealed.

Respectfully submitted,

*/s/ Scott A. Zebrak*

Scott A. Zebrak

cc: Counsel of Record (via ECF)